**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4716-12T3

KASEEM ALI-X,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted September 18, 2017 — Decided October 18, 2017

Before Judges Ostrer and Whipple.

On appeal from New Jersey Department of
Corrections.

Kaseem Ali-X, appellant pro se.

Christopher S. Porrino, Attorney General,
attorney for respondent (Lisa A. Puglisi,
Assistant Attorney General, of counsel;
Gregory R. Bueno, Deputy Attorney General, on
the brief).

PER CURIAM

    Kaseem Ali-X is an inmate serving a sentence of thirty-five

years to life for murder and other crimes.  He is appealing the

Department of Corrections'(DOC) denial of his property claim for a lost word processing disc and other items.  We affirm.

Upon our review of the record, on January 13, 2012, Ali-X was transferred from South Woods State Prison to East Jersey State Prison.  On August 22, 2012, Ali-X was transferred from East Jersey State Prison to New Jersey State Prison.  On September 4, 2012, Ali-X signed an inmate inventory sheet and received his property, including, among other things, twenty-one "diskettes."  Inmate inventory sheets dated August 23, 2012 and August 17, 2012, but not signed by Ali-X, list twenty-six discs[1] and twenty ribbons.

On March 6, 2013, Ali-X submitted an inmate claim form, asserting he was missing a word processor disc, four erasers, and eight inkpads.  In support of his claim, he submitted a denial of an Open Public Records Act request and two mailroom memos from South Woods State Prison.  After investigating, the DOC denied the claim because Ali-X did not prove he ever possessed the items or was authorized to have them.  Moreover, the investigation revealed no neglect on the part of DOC staff.  Ali-X appealed.

On May 27, 2014, we dismissed Ali-X's appeal because he did not exhaust his administrative remedies.  On August 11, 2014, we reinstated the appeal but ultimately remanded on November 5, 2014,

---

[1] While we recognize that disks and discs are two distinct objects, the record appears to use them interchangeably.  For the purposes of this opinion, we will utilize the spelling "disc."

A-4716-12T3

to permit the DOC to complete an administrative record. On March 31, 2015, Ali-X submitted a new property claim for a word processor system disc, four inkers of ribbons, and four pencil erasers. After an investigation, the DOC again denied the claim because Ali-X did not prove he ever possessed the erasers or inkers when he was transferred to the New Jersey State Prison. The investigation revealed Ali-X had at least twenty-one discs when he was transferred but whether any of those was a word processing system disc was indeterminable. Moreover, when Ali-X was incarcerated at East Jersey State Prison, his word processor had been sent to an outside vendor for repairs and had been returned to New Jersey State Prison. At some point, although unclear from the record, the word processor was confiscated as contraband. There was no evidence either facility was responsible for the loss of the program disc because it could have been in the machine that was shipped to the vendor for repairs. The DOC issued a final decision denying Ali-X's claim, which we now consider.

On appeal, Ali-X argues:

> POINT I.
> IN ERROR OF LAW THE NEW JERSEY DEPARTMENT OF CORRECTIONS HAS STOLEN THE APPELLANT'S CLAIMED ITEMS.

> POINT II.
> IN ERROR OF LAW NEW JERSEY DEPARTMENT OF CORRECTIONS HAS DELIBERATELY DISREGARDED PROCEDURAL DUE PROCESS.

A-4716-12T3

POINT III.
IN ERROR OF LAW THE NEW JERSEY DEPARTMENT OF
CORRECTIONS HAS UNLAWFULLY ABUSED ITS OFFICE.

We have considered Ali-X's arguments, in light of the record and applicable legal standards, and find them to be without sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E). We add the following brief remarks.

The scope of our review in an appeal from a final agency decision is limited. Decisions of administrative agencies will not be reversed unless shown to be "arbitrary, capricious or unreasonable or . . . not supported by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980) (citing Campbell v. Dep't of Civil Serv., 38 N.J. 556, 562 (1963)).

The DOC uses an inmate inventory sheet "to itemize all personal property in the inmate's possession . . . upon transfer." N.J.A.C. 10A:1-11.6(a). Once an inmate properly files a claim for lost, damaged, or destroyed personal property, the DOC must conduct an investigation and prepare a report. N.J.A.C. 10A:2-6.1(b). The report shall consist of, but not be limited to, "obtaining statements from the inmate, witnesses, and correctional facility staff" and "verifying that the inmate was authorized to have and did, in fact, possess the personal property." Ibid. "Verification of possession of lost, damaged, or destroyed personal property may

be made by review of applicable documentation, such as the IIS-1M inmate inventory sheet maintained by the correctional facility" pursuant to N.J.A.C. 10A:1-11. Ibid. After completion of the investigation, the inmate's claim form and a copy of the investigative report must be submitted to the business manager of the correctional facility for review. N.J.A.C. 10A:2-6.1(c).

Before the claim is approved or denied, the DOC considers whether the investigation revealed any neglect by the correctional facility; whether care was exercised by facility staff to prevent property loss, damage, or destruction; whether the inmate exercised care in preventing property loss, damage, or destruction; and whether it has been proven that the inmate was authorized to have and did, in fact, possess the items. N.J.A.C. 10A:2-6.2(a). The DOC also considers whether sufficient information has been supplied by the inmate, including proper receipts, witnesses, and investigative reports; whether the inmate submitted the claim in a timely manner; whether the loss or damage exceeds authorized amounts of correctional facility personal property limits; whether the personal property is considered contraband; and whether other reviewers recommended denial of the claim and the reasons stated. Ibid. If a claim is denied, the DOC must notify the inmate in writing and provide substantiating reasons. N.J.A.C. 10A:2-6.1(f).

A-4716-12T3

Here, the DOC followed the required procedures, using an inmate inventory sheet to itemize all of Ali-X's personal property on the day he was transferred to the New Jersey State Prison. The DOC conducted an investigation after receiving Ali-X's claim, considered the N.J.A.C. 10A:2-6.2(a) factors before denying it, notified Ali-X in writing, and provided substantiating reasons. We are satisfied there was substantial, credible evidence in the record as a whole to support the DOC's reasons for denying Ali-X's claim, and the decision was not arbitrary, capricious, or unreasonable.

While our review of the record does not explain discrepancies between inventory lists and Ali-X's lost property claims, we cannot determine, based on the record, that the DOC officials lost, improperly confiscated, or stole his property or fraudulently denied his claim. The discrepancies alone do not establish Ali-X possessed the erasers or inkers for ribbons nor does it establish whether the discs he received included the word processing disc.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4716-12T3